IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| DONTAVEOUS WRIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 314-069 |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Dontaveous Wright ("Plaintiff") appeals the decision of the Commissioner of Social Security ("Commissioner") denying his application for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of the Commissioner.

## I.    BACKGROUND

Plaintiff is a twenty-nine year old male with a high-school education that has worked as an assembly line worker, general laborer, warehouse re-packer, and shipping/receiving clerk. R. at 105, 141,153. Plaintiff protectively applied for SSI and DIB on May 21, 2010,

alleging a disability onset date of May 7, 2010. R. at ("R."), pp. 14, 105. The Social Security Administration denied Plaintiff's applications initially, R. at 50-53, and on reconsideration, R. at 54-62. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"), R. at 62-65, and the ALJ held a hearing on October 12, 2012, R. at 28-43. At the hearing, the ALJ heard testimony from Plaintiff, who was represented by counsel. Id. On December 5, 2012, the ALJ issued an unfavorable decision. R. at 14-21.

Applying the five-step sequential process required by 20 C.F.R. § 404.920, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since the alleged onset date (20 C.F.R. §§ 404.1571 *et seq.*, and 416.971 *et seq.*).

2. There are no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment (20 C.F.R. §§ 404.1520(c) and 416.920(c)).

R. at 14-21.

When the Appeals Council denied Plaintiff's request for review, R. at 1-4, the Commissioner's decision became "final" for the purpose of judicial review. 42 U.S.C. § 405(g). Plaintiff then filed this civil action requesting reversal of the adverse decision. Plaintiff argues that the Commissioner's decision is not supported by substantial evidence because the ALJ improperly found that Plaintiff did not suffer from a medically determinable impairment. (See generally doc. no. 11 ("Pl.'s Br.").) The Commissioner maintains that the decision to deny Plaintiff's application is supported by substantial evidence and should therefore be affirmed. (See doc. no. 13 ("Comm'r's Br.").)

## II.    STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions:  (1) whether the Commissioner's findings are supported by substantial evidence, Richardson v. Perales, 402 U.S. 389, 390 (1971); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); and (2) whether the Commissioner applied the correct legal standards. Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986).  When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's.  Cornelius, 936 F.2d at 1145.  Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding.  Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them.  Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance:  '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239).  If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant.  Id.  Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary

evidence is not based upon substantial evidence.  <u>McCruter v. Bowen</u>, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to her conclusions of law, which enjoy no presumption of validity.  <u>Brown v. Sullivan</u>, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard).  If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision.  <u>Wiggins v. Schweiker</u>, 679 F.2d 1387, 1389 (11th Cir. 1982).

## III.    DISCUSSION

### A.    The ALJ's Decision to Discredit the Opinion of Dr. Vinh in Finding that Plaintiff's Alleged Reduced Field of Vision is not a Severe Impairment is Supported by Substantial Evidence.

At the second step of the sequential evaluation process, if the claimant does not have "a medically determinable impairment, or [the] impairment(s) is a slight abnormality or a combination of slight abnormalities that causes no more than minimal functional limitations," the ALJ will find that the claimant does not have a severe impairment and is therefore not disabled. 20 C.F.R. § 416.924(c).  The severity test at step two of the sequential process is designed to screen out only clearly groundless claims.  <u>Stratton v. Bowen</u>, 827 F.2d 1447, 1452 (11th Cir. 1987) (describing severity test as an "administrative convenience designed to screen out groundless claims").

In fact, the Eleventh Circuit describes step two as the "slight abnormality" test.  <u>Bridges</u>

v. Bowen, 815 F.2d 622, 625 (11th Cir. 1987) (citing Brady, 724 F.2d 914). Under this test, "an impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." Id. As the Eleventh Circuit has explained, "[s]tep two is a threshold inquiry" and "allows only claims based on the most trivial impairments to be rejected." McDaniel v. Bowen, 800 F.2d 1026, 1031 (11th Cir. 1986). The claimant's burden is "mild," id., and "the claimant need only show that an abnormality's effect is not so minimal that it would not interfere with his ability to work irrespective of age, education, or work experience." Cantrell v. Bowen, 804 F.2d 1571, 1573 (11th Cir. 1986).

Plaintiff argues that the ALJ erred in discounting the opinion of Dr. Pierre Vinh, a treating physician, in finding that Plaintiff had no medically determinable impairment at step two. Pl.'s Br., p. 6. First, the medical record shows only one visit with Dr. Vinh on April 11, 2012 which hardly suggests an "ongoing treatment relationship" to qualify Dr. Vinh as a treating physician entitled to substantial weight. 20 C.F.R. §§ 404.1502, 416.902 ("Treating source means your own physician, psychologist, or other acceptable medical source who provides you, or has provided you, with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with you."); R. at 422, 429-438. Thus, Dr. Vinh is more akin to a one-time examining physician than a treating physician. Even if Dr. Vinh is properly considered a treating physician, the ALJ still properly discredited his opinion of disability because two other physicians reported possible malingering by Plaintiff in their exams.

A treating physician's opinion may be properly discounted if (1) it is not bolstered by

the evidence; (2) the evidence supports a contrary finding; or (3) the opinion was conclusory or inconsistent with the doctor's own medical records.  See Forrester v. Comm'r of Soc. Sec., 455 F. App'x 899, 901 (11th Cir. 2012); see also Phillips v. Barnhart, 357 F.3d 1232, 1241 (11th Cir. 2004) (affirming ALJ's rejection of treating physician's opinion when such opinion conflicted with the doctor's treatment notes and claimant's testimony regarding her daily activities).   Here, there are medical records from two other eye exams that are contradictory to Dr. Vinh's report.  First, Dr. Stella Tsai reported a normal visual exam with evidence of a possible cooperation problem.  R. at 319, 324.  Consistent with Dr. Tsai's opinion, Dr. J. Y. Jones reported a perfectly normal eye exam outside of the measured 20/200 vision in each eye.  R. at 301.  Dr. Jones also reported a cooperation problem in that Plaintiff made inconsistent responses in the visual field test.  Further, Dr. Jones, by way of checking his peripheral field, shoved a stool in front of Plaintiff prior to dismissing him which he "skillfully maneuvered around."  R. at 301.  As a result of the inconsistent responses and Plaintiff's apparent ability to see the stool, Dr. Jones opined that this was "a classic case of malingering."  R. at 301.  The ALJ also noted Plaintiff's reports to Dr. Bangiyev that he had no diplopia, eye pain/redness, loss of visual field, or blurred vision, which contradicts  his allegations of vision problems.  R. at 328, 330, 333, 337.

Due to the reports by Dr. Jones, Dr. Tsai, and impugned credibility of Plaintiff, the ALJ properly discredited Dr. Vinh's report that Plaintiff's visual field was greatly reduced. The only other evidence of impairment was a measured visual acuity of 20/200 in both eyes without corrective lenses which suggested Plaintiff's eyesight was amenable to correction.

R. at 292.  Accordingly, the ALJ's decision discrediting Dr. Vinh's opinion and finding no severe impairment due to Plaintiff's allegedly decreased visual field is supported by substantial evidence.

**B.     The ALJ's Finding that Plaintiff's Headaches, Back Pain, and Depression Were Not Severe Impairments is Supported by Substantial Evidence.**

Plaintiff also contends that Plaintiff's medical history of treatment for headaches, back pain, and depression demonstrated that Plaintiff had a severe impairment.  Pl.'s Br., p. 7.  However, the evidence shows that the ALJ's decision to reject these impairments as severe is supported by substantial evidence.

As to Plaintiff's depression, the ALJ noted that in September 2010, examining psychologist Manuel P.  Lucero's mental status exam showed that Plaintiff was alert and his orientation was intact, he had  clear, coherent, relevant speech, average intelligence, intact memory functions, unimpaired  cognition and judgment, fair insight, and no signs of confusion or an inability to follow  instructions.  R. at 286-87.  Plaintiff's chief complaint was simply that his mother had sent him to the exam.  R. at 286.  Plaintiff  apparently only needed to see Dr. Lucero once more when he reported that he was doing okay in  November 2011.  R. at 289.  Although Dr. Lucero reported that a follow-up would be done in three months, no follow-up visit by Plaintiff is reflected in the record.  See R. a 295.  Given Plaintiff's normal status exam with Dr. Lucero and scant evidence demonstrating the functional limitations of his depression, the ALJ's decision finding that Plaintiff's depression is not a severe impairment is supported by substantial evidence.

As to Plaintiff's back pain, he was seen once at Fairview Park Hospital for complaints of back pain in December of 2011 and one other time by David Tate, M.D., for a "pop" in his back that occurred at work. The records from Fairview Park Hospital show no substantive functional limitations, and the records from Dr. Tate's office show that Plaintiff was diagnosed with a simple lumbar strain and instructed to take ibuprofen. R. at 373, 398. Upon re-examination by Dr. Tate, Plaintiff's x-rays were normal, and Dr. Tate opined that he could not "find any explanation for his complaints." R. 369, 371. Dr. Tate further concluded that he had "no reason to keep him out of work or provide any further work modifications" and that he could "return to work on Monday without restriction." R. at 371. Accordingly, the ALJ's finding that Plaintiff's back pain is not a severe impairment is supported by substantial evidence.

Substantial evidence also supports the ALJ's finding that Plaintiff's migraine headaches were not a severe impairment. The ALJ noted that hospital records from June 2010 showed that Plaintiff's headaches were only mild in severity. R. at 261. The ALJ also noted that Plaintiff presented to the hospital again on August 16, 2010, complaining of headaches. R. at 277-84. Plaintiff's neurological exam was normal, he received medication, and he rated his pain upon discharge at only a 2 out of 10, clearly showing that his pain improved with medication. R. at 279-80. Moreover, medical personnel stated that Plaintiff could resume full physical activity as of August 18, 2010. R. at 284. The ALJ also noted that a physical exam on October 1, 2010, showed a normal neurological exam. R. at 424-428.

After Plaintiff saw treating neurologist Dr. Nikolay Bangiyev in April 2008, he did not return for treatment until January 2011, approximately eight months after his alleged disability onset, when he presented for migraines. R. at 337-340. Plaintiff admitted not taking prescription Topamax for the prior year and a half. R. at 337. The ALJ noted Plaintiff's report in March 2011 that Topamax had improved his headaches and decreased their frequency by 30%. R. at 327-29. The record indicates that Plaintiff sought no further treatment from Dr. Bangiyev after Plaintiff reported improvement. At the hearing, Plaintiff reported that he was not taking Topamax, further undermining the allegedly disabling headaches reported to Dr. Bangiyev. R. at 39. In Dr. Tate's medical report from his visit for the "pop" in his back, there is no mention of any symptoms of migraine headaches. R. at 372.

Although Plaintiff may have been diagnosed by Dr. Bangiyev with intractable migraine headaches, the ALJ's failure to find a medically determinable impairment at step two was harmless error because the evidence shows that Plaintiff's migraine headaches were nevertheless non-severe, warranting a finding of not disabled. R. at 328; see Caldwell v. Barnhart, 261 F. App'x 188, 190 (11th Cir. 2008) (applying the harmless error doctrine in the social security context). Plaintiff only sought treatment for his migraines intermittently, and upon treatment, the headaches were responsive to medication. See Bridges, 815 F.2d at 625 (upholding a finding that a claimant's shortness of breath was not a severe impairment because it was relieved by medication). Given the subjective nature of the symptoms, the ALJ also appropriately took into account Plaintiff's low credibility in assessing the severity

of his headaches. Plaintiff's reported malingering in his exam with Dr. Jones, his failure to accurately report his education level, and his testimony that he lived alone but was unable to do any household chores at all also severely undermined his claim of disabling headaches. R. at 17, 33-34, 301. This, in combination with his testimony that he was not taking Topamax, a medication reported to improve his symptoms, demonstrated that his migraine headaches were no more than a slight abnormality. See McDaniel, 800 F.2d at 1031. Accordingly, the ALJ's finding that Plaintiff's migraines are not a severe impairment is supported by substantial evidence.

## IV.    CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of the Commissioner.

SO REPORTED and RECOMMENDED this 28th day of July, 2015, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA